UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ANTONIO SMITH,

    *Plaintiff,*

    *v.*

CITY OF MADISON, ANTHONY CIUFO,
STEVEN CLENNON, AND DREW STRACHOTA,

    *Defendants.*

Case No: 3:26-cv-179

---

# COMPLAINT

---

Plaintiff Antonio Smith, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

## INTRODUCTION

1. This is a lawsuit for money damages brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Antonio Smith's constitutional right to be free from unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

2. On August 16, 2024, City of Madison Police Department officers Steven Clennon and Anthony Ciufo unreasonably detained Smith, searched his person, and searched his vehicle.

3. Plaintiff seeks actual or compensatory damages against Defendants, and because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the

costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

5.  Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Madison is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

6.  Plaintiff Antonio Smith is an adult resident of the state of Wisconsin and the County of Dane.

7.  Defendant City of Madison is a political subdivision of the State of Wisconsin and was the employer of individual Defendants Anthony Ciufo, Steven Clennon, and Drew Strachota at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment under WIS. STAT. § 895.46.

8.  Defendant City of Madison is sued as an indemnitor.

9.  Defendant Steven Clennon was, at the time of this occurrence, employed as a police officer in the City of Madison Police Department. At all times relevant to this action, Defendant Clennon engaged in the conduct complained of while he was a duly appointed and sworn law enforcement officer.

10. At all times relevant to this action, Defendant Clennon was acting under color of state and local law.

11. At all times relevant to this action, Defendant Clennon engaged in the conduct complained of within the scope of his employment with the City of Madison.

12. Defendant Anthony Ciufo was, at the time of this occurrence, employed as a police officer in the City of Madison Police Department. At all times relevant to this action, Defendant Ciufo engaged in the conduct complained of while he was a duly appointed and sworn law enforcement officer.

13. At all times relevant to this action, Defendant Ciufo was acting under color of state and local law.

14. At all times relevant to this action, Defendant Ciufo engaged in the conduct complained of within the scope of his employment with the City of Madison.

15. Defendant Drew Strachota was, at the time of this occurrence, employed as a police officer in the City of Madison Police Department. At all times relevant to this action, Defendant Strachota engaged in the conduct complained of while he was a duly appointed and sworn law enforcement officer.

16. At all times relevant to this action, Defendant Strachota was acting under color of state and local law.

17. At all times relevant to this action, Defendant Strachota engaged in the conduct complained of within the scope of his employment with the City of Madison.

## FACTS

18. On August 16, 2024, Plaintiff Antonio Smith was driving his car when Defendants Clennon and Ciufo activated the emergency lights and siren of their squad car and conducted a traffic stop of Smith's vehicle.

19. Defendants Clennon and Ciufo pulled Plaintiff Smith over because they claimed they could not read his temporary license displayed in the rear window of his vehicle.

20. The temporary license plate was visible and properly displayed.

21. After pulling Smith over, Defendants instructed Smith to exit his vehicle.

22. Once outside the vehicle, Defendants handcuffed Smith.

23. After handcuffing Smith, Defendants searched Smith's person without his consent.

24. After searching Smith's person, Defendants placed Smith in the back of their squad car.

25. There was no reasonable suspicion, probable cause, or other legal justification to handcuff Smith in the back of a squad car.

26. While Smith remained handcuffed in the back of the squad car, Defendants conducted a search inside Smith's vehicle.

27. Defendants found nothing illegal inside Smith's vehicle.

28. Instead of writing Smith a citation (or giving him a warning), Defendants called for a K9 and unlawfully extended the traffic stop to perform a drug investigation and a K9 sniff of Smith's vehicle.

29. The K9 Officer, Defendant Drew Strachota, arrived.

30. Defendants claim that the K9 positively alerted to Smith's vehicle.

31. The K9 did not alert.

32. Defendants then searched Smith's vehicle again.

33. Again, after the second search, Defendants found nothing illegal in Smith's vehicle.

34. Defendants Ciufo and Clennon then arrested Smith for operating while intoxicated.

35. Smith was criminally charged, but the case was dismissed after a Dane County Circuit Court granted Smith's motion to suppress.

36. As a direct and proximate result of the acts of Defendant, as detailed above, Plaintiff has suffered, *inter alia*, a violation of his privacy, emotional suffering, mental distress, humiliation, loss of liberty, and incurred expenses.

## COUNT I:
## 42 U.S.C. § 1983 Claim for Unlawful Seizure

37. Plaintiff realleges the above paragraphs.

38. The actions of Defendants Clennon and Ciufo in seizing Plaintiff by conducting a traffic stop of Plaintiff without reasonable suspicion or any other permissible legal justification, and by handcuffing and locking Plaintiff in the back of their squad car, violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

39. Defendants Clennon and Ciufo also had no reason to handcuff Plaintiff or place him in the back of the squad car. Those actions were unreasonable, even if there had been reasonable suspicion to detain Plaintiff.

40. The actions of Defendants Clennon and Ciufo were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Clennon and Ciufo and, because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

### COUNT II:
### 42 U.S.C. § 1983 Claim for Unlawful Search of Person

41. Plaintiff realleges the above paragraphs.

42. Defendants Clennon and Ciufo unreasonably searched Plaintiff Smith's person. Smith did not consent, Clennon and Ciufo did not have a warrant, and no exception to the warrant requirement authorized the search.

43. The actions of Defendants Clennon and Ciufo in searching Plaintiff without any other permissible lawful reason to do so violated Plaintiff's Fourth Amendment right to be free from unreasonable searches.

44. The actions of Defendants Clennon and Ciufo were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Clennon and Ciufo and, because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT III:
## 42 U.S.C. § 1983 Claim for Unlawful Searches of Car

45. Plaintiff realleges the above paragraphs.

46. Defendants Clennon and Ciufo unreasonably searched Plaintiff Smith's car twice. Defendant Strachota searched the car the second time, failed to intervene in the second search, or caused the second search of the car. Smith did not consent, Defendants did not have a warrant, and no exception to the warrant requirement authorized the searches.

47. The actions of Defendants Clennon, Ciufo, and Strachota were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Clennon, Ciufo, and Strachota and, because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT IV:
## 42 U.S.C. § 1983 Claim for Unlawful Extension of Traffic Stop

48. Plaintiff realleges the above paragraphs.

49. Defendants Clennon and Ciufo unreasonably extended the traffic stop of Plaintiff Smith. Once they had finished their original traffic stop mission, there was no legal basis to extend the stop.

50. The actions of Defendants Clennon and Ciufo were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Clennon and Ciufo and, because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT V:
## Indemnification Claim Against City of Madison

51. Plaintiff realleges the above paragraphs.

52. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

53. At all times relevant to this action, Defendants Clennon, Ciufo, and Strachota engaged in the conduct complained of while on duty and in the course and scope of their employment with the City of Madison.

WHEREFORE, Plaintiff asks this Court to find that the City of Madison is liable to defend this action against Defendants Clennon, Ciufo, and Strachota, and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, under FED. R. CIV. P. 38(b), on all issues so triable.

                                        Respectfully submitted,

Dated: 2 March 2026,

                                        STRANG BRADLEY, LLC
                                        Attorneys for Plaintiff

                                        /s/ John H. Bradley
                                        John H. Bradley
                                          Wisconsin Bar No. 1053124
                                        R. Rick Resch
                                          Wisconsin Bar No. 1117722
                                        Jacob A. Idlas
                                          Wisconsin Bar No. 1078457
                                        STRANG BRADLEY, LLC
                                        613 Williamson St., Suite 204
                                        Madison, WI 53703
                                        (608) 535-1550
                                        John@StrangBradley.com
                                        Rick@StrangBradley.com
                                        Jack@StrangBradley.com